```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                   Criminal No. 08-30 (MJD/SRN)

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )   POSITION OF THE UNITED STATES
       v.                      )   WITH RESPECT TO SENTENCING OF
                               )   THE DEFENDANT
DONALD RAY TATE,               )
                               )
            Defendant.         )
```

The United States of America, by and through its attorneys, Frank J. Magill, Jr., United States Attorney, and Michael A. Dees, Assistant United States Attorney, hereby submits this memorandum regarding the sentencing of defendant Donald Ray Tate. The United States has no objections or proposed amendments to the Presentence Report prepared by the United States Probation Office. The government respectfully requests that the defendant receive a sentence within the applicable Guideline range of 188 to 235 months.

## DISCUSSION

On December 17, 2008, the defendant was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report ("PSR") recommended that the defendant's sentence be enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had one prior conviction for a violent felony and three prior convictions for a serious drug offense. (PSR ¶ 20.) Specifically, on December 22, 1999, the defendant was convicted of Aggravated

Robbery in the First Degree; on March 23, 2004, the defendant pleaded guilty to (1) Second Degree Controlled Substance Crime-Sale in a School Zone, (2) two counts of Third Degree Controlled Substance Crime-Sale and (3) one count of racketeering. (PSR ¶ 25.) The three drug convictions were committed on occasions different from one another. (Id.)

The PSR determined the defendant's offense level was 33 and criminal history category was IV, resulting in a Guidelines range of 188 to 235 months imprisonment. (PSR ¶ 52.)

**I.   THE DEFENDANT'S THREE PRIOR CONVICTIONS FOR THE SALE OF A CONTROLLED SUBSTANCE, WHICH OCCURRED AT THREE SEPARATE TIMES, ON THREE SEPARATE DAYS, AT THREE SEPARATE LOCATIONS AND REQUIRED SEPARATE PLANNING AND EXECUTION, CONSTITUTED THREE SEPARATE AND DISTINCT SERIOUS DRUG OFFENSES FOR PURPOSES OF SENTENCE ENHANCEMENT UNDER 18 U.S.C. § 924(E).**

The defendant argues his prior convictions for serious drug offenses should be counted as one conviction, because they were part of one criminal episode, despite the fact that they occurred on different occasions. (Def.'s Br. at 4.)

The defendant acknowledges that the Eighth Circuit Court has already held that separate drug sales count as separate distinct offenses. (Def.'s Br. at 5.) The defendant however, argues that his case is distinguishable because the police engineered further drug sales with the defendant in order to make a more serious State racketeering conviction that requires "three criminal acts" to show a pattern of criminal activity. (Def.'s Br. at 5-6.) This contention has no merit because the Eighth Circuit Court has

2

repeatedly held that when multiple convictions occur at distinctly different times, occurring on separate days, and required separate planning and execution, they are separate distinct criminal episodes. United States v. McDile, 914 F.2d 1059 (8th Cir. 1990); United States v. Gray, 152 F.3d 816 (8th Cir. 1998); United States v. Speakman, 330 F.3d 1080 (8th Cir. 2003); United States v. Mason, 440 F.3d 1056 (8th Cir. 2006); and United States v. Van, 543 F.3d 963 (8th Cir. 2008). The three serious drug offenses in the instant case occurred at different times, different dates, different locations and required separate planning and execution thus, the defendant qualified as an armed career criminal.

The ACCA provides that a defendant who is convicted of being a felon in possession of a firearm and "has three previous convictions... for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). Previous convictions occur "on occasions different from one another" if they are separate and distinct criminal episodes that did not result from a continuous course of conduct. United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993).

In the present case, the three prior felony drug convictions constitute separate and distinct offenses. Although the three serious drug offenses were all charged in the same Criminal

Complaint and involved sales to the same informant, they nevertheless qualify as three separate distinct criminal episodes, because they were committed at three different times on three different dates, at three separate locations and required separate planning and execution.

According to the Criminal Complaint[1], between July 29, 2002 and August 31, 2002, the St. Paul Police Department conducted a videotaped surveillance operation of undercover controlled - substance purchases. (PSR ¶ 25; Government's Exhibit #1.) The defendant was seen with others on eight separate dates to be loitering in the area with others. (Id.) As cars would pass, the group members would watch the cars and their occupants. (Id.) If the passing car made an indication that they were interested in purchasing narcotics, one or more of the group members would approach the car while the others acted as lookouts. (Id.) The transfer of drugs for money was then completed, and the car would leave the area.

Specifically, July 29, 2002, on the corner of Edmund and Grotto Streets, in the city of St. Paul, at about 7:50 p.m., the defendant had a conversation with a police informant about the sale and purchase of crack cocaine. (Government's Exhibit #1 at 1.) The parties came to an agreement whereby the defendant sold crack

---

[1] Government's Exhibit #1 is a certified copy of the Ramsey County complaint against the defendant from October 22, 2002.

4

cocaine for $20 to a police informant.[2] (Id.) Twenty four days later, on August 22, 2002, at about 2:20 p.m., the defendant drove to University and Dale Street to sell crack cocaine. (Id.) The arraignments for this sale and purchase of the crack cocaine were made by the defendant and the police informant. (Id.) The defendant got out of the car and sold crack cocaine to the police informant for $100.[3] (PSR ¶ 25; Government's Exhibit #1 at 1.) On August 23, 2002, at Edmund and Arundel Streets, in the city of St. Paul, the defendant again sold crack cocaine to the police informant. (PSR ¶ 25; Government's Exhibit #1 at 2.) This time the defendant sold the police informant crack cocaine 300 feet or one city block from an elementary school.[4] (Id.)

As a result of the operation, eight individuals, including the defendant, were alleged to be part of a criminal enterprise that involved controlled-substance sales. (PSR ¶ 25; Government's Exhibit #1 at 3.) The defendant was charged by complaint with (1) three counts of aiding and abetting third-degree controlled - substance crimes for selling cocaine on three separate occasions, once on July 29, 2002, and twice on August 22, 2002; (2) one count

---

[2] Count 1. Second Degree Controlled Substance Crime-Sale. (PSR ¶ 25; Government's Exhibit #1 at 5.)

[3] Count 3. Third Degree Controlled Substance Crime-Sale. (PSR ¶ 25; Government's Exhibit #1 at 6.)

[4] Count 7. Second Degree Controlled Substance Crime in the Second Degree in a School Zone. (PSR ¶ 25; Government's Exhibit #1 at 6.)

of second-degree controlled-substance crime for selling cocaine in a school zone on August 23, 2002; (3) four counts of committing the controlled-substance offenses for the benefit of a gang; and (4) one count of racketeering. The defendant pleaded guilty to second-degree controlled-substance offense and two counts of third-degree controlled-substance offense and the racketeering count (PSR ¶ 25.)

Applying the principles enunciated in <u>Speakman</u> to the facts in this case, the same conclusion should be reached. The defendant sold different amounts of crack cocaine at different times, on different dates, at different locations. (PSR ¶ 25; Government's Exhibit #1 at 1-7.) Each drug sale was complete after the defendant exchanged drugs for money with the informant. (Id.) The defendant had to plan how much drugs to sell and at what price to sell them. The defendant also had to plan the location and the time for the drug sales to occur. Each drug sale required execution. Indeed, the predicate drug sales, although all the sales might, in fact, have been part of a series or pattern of drug sales, were separate and distinct criminal episodes because each sale was independent of each other, separated by date, time location, amount, price, and planning. Therefore, the three crack cocaine sales were separate, punctuated occurrences with a limited duration and certainly could not be considered "one criminal episode" as the defendant mistakenly claims in his . (Def.'s Br. at 5.)

**II.   DEFENDANT'S SENTENCING MANIPULATION ARGUMENT IS BASELESS.**

The defendant also tries to distinguish the cases listed above by claiming the St. Paul police engineered further drug sales with the defendant in order to make a more serous State racketeering conviction that requires "three criminal acts" to show a pattern of criminal activity. (Def.'s Br. at 6.) This argument has no merit, because the defendant has not nor for that matter, can not show that the St. Paul police in 2002, engaged in "sentencing manipulation" solely to enhance his potential 2007, federal sentence.

## CONCLUSION

For all of the foregoing reasons, the defendant should receive a sentence within the applicable Guideline range of 188 to 235 months.

Dated: July 15, 2009               Respectfully submitted,

                                   FRANK J. MAGILL, JR.
                                   United States Attorney


                                   s/Michael A. Dees
                                   BY:  MICHAEL A. DEES
                                   Assistant U.S. Attorney
                                   Attorney ID No. 253650