# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATE OF AMERICA,

             Plaintiff/Respondent,        **ORDER**

v.                                    Crim. File No. 08-30 (MJD/SRN)

                                           Civ. No. 11-3337 (MJD)

DONALD RAY TATE,

             Defendant/Petitioner.

---

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Donald Ray Tate, pro se.

---

Petitioner argues for the first time that this Court and the Eighth Circuit improperly relied on documents other than those approved of in Shepard v. United States, 544 U.S. 13, 16 (2005), when determining that his 2005 drug convictions constituted three separate predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Acceptable documents under Shepard include "the statutory definition [of the offense], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Id.  Petitioner notes

1

that other courts have indicated that only those documents should be considered

when determining whether multiple counts are considered as multiple predicate

offenses under the ACCA.  See, e.g., United States v. Ngo, 406 F.3d 839, 842-43

(7th Cir. 2005).  The Court expresses no opinion on Ngo's applicability here.

In the Court's possession are two relevant documents:  First is a Complaint

from Ramsey County District Court dated October 22, 2002, which was

submitted by the Government in its July 15, 2009 Position on Sentencing.

[Docket No. 93, Ex. 1.]  That document indicates that the three counts to which

Petitioner pled guilty (Counts 1, 3, and 7) implicated three separate drug

transactions which occurred on July 29, 2002, August 22, 2002, and August 23,

2002, respectively.  The Court had previously found the October 22, 2002

Complaint to be the relevant charging document related to Petitioner's 2005

guilty pleas, and Petitioner made no objection to the facts in that document.

Defendant recently submitted an Order from Ramsey County District

Court dated September 21, 2005.  This new document references Petitioner's

guilty pleas to Counts 1, 3, and 7, but it also seems to indicate that the "offense

date" for those counts was, in each case, July 29, 2002.  [Docket No. 122, Ex. 1.]

The Court notes that a cover letter sent to Petitioner and submitted along with

the September 21, 2005 Order refers to an "Amended Complaint, [a] Register of Actions, [and a] Petition to Enter Plea of Guilty in a Felony Case Pursuant to Rule 15."  Those additional "<u>Shepard</u>-approved" documents were not submitted to the Court by Petitioner, but the Court believes that they may be relevant here.

To confirm that the counts to which Petitioner pled guilty were those described in the October 22, 2002 Complaint, the Court orders both parties to submit all documents relating to Petitioner's 2005 guilty pleas within 30 days.  If the parties believe that additional briefing may assist the Court in determining the separate status of Petitioner's 2005 convictions, they may do so in the form of a letter not to exceed five pages within the same time period.

To be clear, the question of whether convictions on separate counts for separate drug transactions count as separate offenses under the ACCA will not be reexamined.  This Court and the Eighth Circuit have already discussed and ruled on that issue.  The only issue here is the potential inconsistency between the October 22, 2002 Complaint and the document most recently submitted by Petitioner.

**IT IS HEREBY ORDERED**:

1. The parties shall submit all documents relating to Petitioner's 2005 drug related convictions, including but not limited to, the "Amended

Complaint, Register of Actions, [and] Petition to Enter Plea of Guilty in a Felony Case Pursuant to Rule 15," within 30 days; and

2. the parties may submit additional briefing on this issue, if necessary, in the form of a letter not to exceed five pages within 30 days.


Dated:   April 3, 2012                    s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court