UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATE OF AMERICA,

        Plaintiff/Respondent,    **MEMORANDUM of LAW & ORDER**

v.    Crim. File No. 08-30 (MJD/SRN)

    Civ. No. 11-3337 (MJD)

DONALD RAY TATE,

        Defendant/Petitioner.

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Donald Ray Tate, pro se.

## I.    Introduction

This matter is before the Court on Petitioner Donald Ray Tate's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 116], Motion for Default Judgment Pursuant to Rule 55 [Docket No. 119], Motion for Final Judgment [Docket No. 126], and Motion to Supplement the Record [Docket No. 128].

1

## II.     Background

Petitioner was found guilty, by a jury, of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). This Court ordered that a presentence investigation (PSI) be conducted by the Probation Office. The PSI indicated that Petitioner had been convicted of four separate counts qualifying as violent felonies or serious drug offenses. The PSI recommended that he should therefore be sentenced as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which is triggered when a defendant has three such convictions. At sentencing, Petitioner argued that three drug-related convictions triggering his Armed Career Criminal status should have been counted as only a single offense. The Court denied Petitioner's objection and concluded that the ACCA applied.

Based on a total Offense Level of 33 and a Category IV criminal history, Petitioner's advisory Guideline sentencing range was 188 to 235 months, subject to a 180 month mandatory minimum under the ACCA. The Court sentenced Petitioner to 180 months. At sentencing the Court informed Petitioner that 180 months was the mandatory minimum sentence for his crime, and that "no argument by your attorney and nothing the Government could do could allow

the Court to go below" that sentence. (Sentencing Tr. [Docket No. 112] at 3.) Petitioner stated that he understood.

Petitioner appealed to the United States Court of Appeals for the Eighth Circuit. He argued, among other things, that the Court erred in applying the ACCA. The Eighth Circuit rejected Petitioner's arguments. United States v. Tate, 633 F.3d 624, 632-33 (8th Cir. 2011). In particular, the Eighth Circuit noted that Petitioner's three drug convictions resulted from "discrete drug transactions on different dates" and, therefore, each conviction was properly counted separately. Id.; see United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008).

Petitioner filed the instant motion under 28 U.S.C. § 2255, on November 14, 2011. The Court ordered the Government to respond on or before December 19, 2011. When the Government failed to respond by that date, Petitioner filed a motion for default judgment on January 3, 2011. The Court issued an Amended Order on January 4, 2012, ordering the Government to file its response by February 3, 2012. Because the Government responded on January 20, 2012, well before the February deadline, the Court will deny Petitioner's motion for default judgment. See, e.g., Hale v. Lockhart, 903 F.2d 545, 547 (8th Cir. 1990) (noting that "no court has ordered a habeas writ to issue solely because of delay").

In his § 2255 petition, Petitioner once again attacks the applicability of the ACCA. He now argues that the Court could not have concluded that he was convicted of three separate drug offenses based on the documents upon which, he contends, the Court is required to rely. He also argues that a fourth ACCA-triggering conviction should not have been counted because it originally arose out of a juvenile proceeding. Finally, Petitioner argues that his counsel rendered ineffective assistance by failing to challenge adequately the applicability of the ACCA at his sentencing.

### A. Standard

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.     Petitioner's Three Drug Convictions

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). An exception exists "only when petitioners have produced convincing new evidence of actual innocence." Id. This exception is "rare, and available only in the extraordinary case." Id. (citations omitted).

Petitioner argues that his three separate drug convictions should be treated as a single predicate offense for ACCA purposes. The Eighth Circuit has already rejected that argument with respect to Petitioner, concluding that convictions for three separate drug transactions committed on different days should be counted as separate predicate offenses under the ACCA. See Tate, 633 F.3d at 632; Van, 543 F.3d at 966. That point may not be re-litigated in Petitioner's § 2255 petition. Wiley, 245 F.3d at 752.

Petitioner has taken a new tack in the instant petition, arguing for the first time that this Court (and, by implication, the Eighth Circuit) improperly relied on documents not approved of in Shepard v. United States, 544 U.S. 13, 16 (2005), when determining whether his drug offenses constituted separate offenses. Acceptable documents under Shepard include "the statutory definition [of the offense], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.

Petitioner correctly notes that some Courts of Appeal have indicated that only "Shepard-approved" documents should be considered when determining whether multiple counts in a single indictment or complaint should be counted

as multiple predicate offenses under the ACCA. See, e.g., United States v. Ngo, 406 F.3d 839, 842-43 (7th Cir. 2005). It does not appear that the Eighth Circuit has had occasion to opine on the issue raised in Ngo and, in any event, the Court believes that Petitioner's argument on this point has likely been waived. Nonetheless, out of an abundance of caution and because the documents were no longer available to the Court, the Court requested that the parties submit documents relevant to Petitioner's drug convictions. [Docket No. 127.] The parties did so, and those documents are now part of the record in this case. [Docket Nos. 128, 129.]

Having once again reviewed the relevant charging document along with the transcript of Petitioner's state court plea hearing, the Court is satisfied that Petitioner pled guilty to three separate drug offenses which occurred on three separate dates. The only document which casts any doubt on this conclusion is an Order from Ramsey County District Court dated September 21, 2005. That document seems to indicate that the "offense date" for each count was July 29, 2002. [Docket No. 122, Ex. 1.] All other documents pertaining to Petitioner's convictions—including the amended complaint which sets out the counts to which Petitioner pled guilty and the transcript of Petitioner's plea hearing—

7

indicate that three distinct offenses were committed on three different days. The repetition of the same date on the September 21, 2005 Order is therefore clearly a clerical error. As the Eighth Circuit has already concluded, Petitioner's three separate and distinct drug convictions qualify Petitioner for treatment as an Armed Career Criminal, and he is not entitled to relief from that classification.

### C.   Juvenile Adjudication

Petitioner argues that his 2003 conviction for aggravated robbery should not be counted under the ACCA because it was the result of a juvenile adjudication. While the Eighth Circuit noted in passing that the 2003 conviction constituted a fourth predicate offense under the ACCA, see Tate, 633 F.3d at 631, such a finding is unnecessary to conclude that Petitioner is an Armed Career Criminal. His three drug convictions suffice. See id. at 631-32. Moreover, because the Court sentenced Petitioner to the mandatory minimum sentence, any consideration of the juvenile adjudication did not prejudice Petitioner. In other words, even if Petitioner's assertions regarding this fourth offense "were accepted as true," they would "not entitle [him] to relief." Engelen, 68 F.3d at 240. The Court therefore need not address those assertions here.

## D. Ineffective Assistance of Counsel

To gain relief for ineffective assistance of counsel, Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). Petitioner bears the burden to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless [Petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Petitioner argues that his counsel insufficiently challenged the Court's determination that he qualified as an Armed Career Criminal. He essentially argues that his counsel should have encouraged this Court to depart from Eighth Circuit precedent and instead apply precedent from other courts, which he

9

contends would have been more favorable. Petitioner's counsel argued against the application of the ACCA before this Court and successfully preserved the argument for appeal. The Eighth Circuit's law on this point is clear, see Van, 543 F.3d at 966, and accordingly, that Court also rejected Petitioner's position. Petitioner's case could not have been prejudiced by any alleged failure to raise issues and arguments that the Eighth Circuit both addressed and rejected. Moreover, as discussed above, any failure of counsel to raise a Shepard-related claim did not result in prejudice because even a review of only the "Shepard-approved" documents shows that Petitioner was convicted of three separate drug transactions. In sum, Petitioner cannot show the prejudice required to succeed on his ineffective assistance of counsel claim.

## III. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Therefore, the

Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. Petitioner's Motion to Supplement the Record [Docket No. 128] is GRANTED.

2. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 116], Motion for Default Judgment Pursuant to Rule 55 [Docket No. 119], and Motion for Final Judgment [Docket No. 126] are **DENIED**.

3. The Court denies a Certificate of Appealability is this case.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   May 10, 2012              s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court