# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                Plaintiff/Respondent,      **MEMORANDUM of LAW & ORDER**

v.                                     Crim. File No. 08-30 (MJD/SRN)

                                           Civ. No. 11-3337 (MJD)

DONALD RAY TATE,

                Defendant/Petitioner.

---

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Donald Ray Tate, pro se.

---

This matter is before the Court on Petitioner Donald Ray Tate's Motion to Reconsider. [Docket No. 132.] Petitioner asks the Court to revisit its May 11, 2012 Memorandum of Law and Order [Docket No. 130], which denied Petitioner's Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 116].

The Local Rules provide that a motion to reconsider may only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(h). The Court's decision on a motion for

1

reconsideration rests within its discretion.  <u>Hagerman v. Yukon Energy Corp.</u>,

839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct
> manifest errors of law or fact or to present newly discovered
> evidence.  . . .  Nor should a motion for reconsideration serve as the
> occasion to tender new legal theories for the first time.

<u>Id.</u> at 414 (citation omitted).

Although Petitioner did not seek or receive the requisite permission to file

his motion, the Court has thoroughly reviewed Plaintiff's submission and

concludes that the May 11, 2012 Memorandum of Law and Order contains no

manifest errors of law or fact.  Nor has Plaintiff offered new evidence that would

alter the Court's Order.

Plaintiff again asserts that this Court and the Eighth Circuit Court of

Appeals erred in concluding that he was properly designated as an Armed

Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(e)(1).  In support he has submitted an opinion from the Minnesota Court of

Appeals related to his previous convictions for drug offenses—the offenses

which trigger his status as an Armed Career Criminal.  <u>State v. Tate</u>, No. A04-

1563, 2005 WL 468865 (Minn. Ct. App. March 1, 2005) (unpublished).  In that

opinion, the Minnesota Court of Appeals reversed the trial court's application of

Minnesota sentencing law, concluding that his drug offenses "were a means toward committing [a] racketeering offense [to which Petitioner had also pled guilty]." Id. at *3. The Court therefore concluded that those offenses were "part of single behavioral incident" for Minnesota state sentencing purposes. Id. The Court of Appeals did not vacate or otherwise amend Petitioner's three convictions for the three drug offenses committed on three different dates. In fact, in its opinion, the Minnesota Court of Appeals noted that Petitioner had admitted that "his three controlled-substance offenses occurred at different times and places." Id. at *2 (emphasis added).

In determining whether Petitioner's three drug offense convictions qualify him for Armed Career Criminal status this Court and the Eighth Circuit properly referred to federal sentencing law and the ACCA. If anything, the opinion from the Minnesota Court of Appeals reaffirms the determinative finding that Petitioner's three drug convictions resulted from "discrete drug transactions on different dates" and the conclusion that counting each conviction separately was proper. See United States v. Tate, 633 F.3d 624, 632-33 (8th Cir. 2011); see United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008).

Petitioner also reasserts that his counsel was ineffective.  As the Court explained in its May 11, 2012 Order, this claim cannot succeed because Petitioner cannot show the requisite prejudice.  See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[The Court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider [Docket No. 132] is DENIED.

Dated:  July 13, 2012                s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court